## HEATING & PLUMBING FINANCE CORP., Plaintiff-Appellant, v BRAUN, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20664. Decided October 6th, 1947.

604

C. H. Royon, Cleveland, for plaintiff-appellant.
E. J. Sklenicka, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment for the defendant in the Municipal Court of Cleveland.

The action was founded upon twelve promissory notes each set forth in a separate cause of action. Each note was endorsed by the defendant, Morris Braun.

The defendant was the treasurer of The Domestic Furnace Company, a corporation engaged in installing furnaces and making furnace repairs. After this company sold and completed the installation of a furnace, or a furnace repair job, for a customer and he was unable to pay cash, the company would secure from such customer his promissory note.

The Domestic Furnace Company purchased most of its furnaces and materials from The Fox Furnace Company of Elyria. The forms for making out promissory notes used by the Domestic Furnace Company as above described were furnished by The Fox Furnace Company and when signed by the Domestic Furnace Company's customers were indorsed in blank by the Domestic Furnace Company and the defendant, and delivered to The Fox Furnace Company.

The evidence conclusively establishes that the plaintiffs now are the owners of the notes. The endorsement of the said

notes by The Domestic Furnace Company and the defendant waived all statutory requirements of notice and protest.

It is the claim of the defendant that he was induced by fraudulent representations to sign his name on the back of these notes by an officer of the Fox Furnace Company. The fraudulent representations claimed by defendant were to the effect that he was not thereby making himself liable personally but all that was wanted was that, because his name was so common (Brown) they wanted to "keep your present name and address on record for identification."

Statements made by one who becomes the owner of a negotiable promissory note indorsed in blank, by delivery to one who indorses such note before delivering it to him, that he (the indorser) will not be held liable as an indorser, even if established by the proper degree of proof, falls far short of establishing fraud in procuring the endorsement. The indorser would have no legal right to rely on such representation.

The evidence which is uncontradicted clearly establishes that the plaintiff purchased and paid The Fox Furnace Company for each of the notes before the due date of the first installment. The plaintiff was, therefore, a holder in due course.

The claim of defendant of fraud by officers of The Fox Furnace Company in procuring his endorsement cannot be urged as a defense against a holder in due course unless notice to the purchaser for value of the alleged fraud can be shown prior to the date of purchase. There is no evidence in the record even tending to establish such fact. The defendant's claims, therefore, do not present a legal defense to the plaintiff's claim as a holder in due course.

One other question is presented by the record. The trial court in its findings of fact and conclusions of law found:

### FINDINGS OF FACT

"That several promissory notes set forth in the 12 separate causes of action were delivered to the plaintiff;

That the defendant, Morris Braun, was the treasurer of the company and that through him as such treasurer the said notes were assigned by The Domestic Furnace Company;

That the defendant, Morris Braun, had no personal interest in any of the notes set forth in said petition of the plaintiff;

That no payments having been made thereon by this defendant at no time as an individual, the signature of the defendant was secured only for identification or future collection purposes;

That said endorsements were not guarantees of said notes and were requested by other employees of the company in the ordinary course of business."

## CONCLUSIONS OF LAW

"The Court, therefore, finds that as a matter of law a party whose name does not appear upon a bill of exchange as an individual and only as an agent, cannot be sued upon it.

Therefore, there can be no recovery against defendant, Morris Braun, in this case.

JUDGMENT IS RENDERED FOR THE DEFENDANT."

These findings were entered after permitting the defendant to testify as to his verbal understanding with the Fox Furnace Company that he would not be personally liable by putting his name on the back of the notes where endorsements are usually made. As against a holder in due course such evidence was not admissible.

Sec. 8168 GC provides:

"A person placing his signature upon an instrument otherwise then as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The defendant who signed his name in the place of an indorser in this case was an indorser as a matter of law there being no showing by appropriate words whereby he clearly indicated his intention to be bound in some other capacity and parol evidence is not admissible to contradict the terms of the written contract between himself and the payee by his endorsement. **Dowling v Kowalk, 54 Oh Ap 222.**

For the foregoing reasons the judgment of the Municipal Court is reversed and the cause is remanded for further proceedings according to law.

HURD, PJ, and MORGAN, J, concur.